UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

IN RE: PHENYLPROPANOLAMINE
(PPA) PRODUCTS LIABILITY
LITIGATION,

MDL NO. 1407

ORDER GRANTING DEFEN-
DANT'S MOTION FOR JUDG-
MENT ON THE PLEADINGS

This document relates to:

*Miller v. Wyeth Pharmaceuti-
cals, C05-301*

   This matter comes before the court on a motion for judgment on the pleadings filed by defendant Wyeth. Specifically, Wyeth moves for dismissal of plaintiffs Alleen and Charles Miller's fraud and misrepresentation, negligent misrepresentation, and conspiracy to defraud claims; counts III(A), IV(A) and V(A), respectively. Wyeth also asks the court to strike certain allegations found in count I(A), plaintiffs' strict liability claim.

   Defendant's motion is based on this court's August 29, 2005 order dismissing claims of fraud and misrepresentation, negligent misrepresentation and conspiracy filed by plaintiffs in sixteen different cases. *See* Order Granting in Part and Denying in Part Bayer Corporation's Motion, August 29, 2005. The court found that plaintiffs had failed to meet the particularity requirements of Fed. R. Civ. P. 9(b) for their fraud-based claims. The court also

ORDER
Page - 1 -

struck certain allegations in plaintiffs' strict liability claims based on insufficient testing and instructions and misleading advertising, claims unrecognized under Florida law. The court declined to strike allegations related to strict liability for warning defect claims, finding that such claims may be cognizable under Florida law.

Defendant Wyeth argues here that the claims in Millers' complaint are "virtually indistinguishable" from, "essentially verbatim" and "identical" to, and "duplicate[s]" of those dismissed in the court's August 29, 2005 order. *See* Motion for Judgment on the Pleadings at 3, 4, 5. Plaintiffs do not dispute this claim, merely offering arguments on the merits of dismissal – arguments that plaintiffs before them have already made and lost.

The question before the court is not whether claims materially identical to those already dismissed should themselves be dismissed. The court has already answered that question in the affirmative, and that answer is now the law governing this MDL. The only question remaining is whether plaintiffs' claims are or are not materially similar to those dismissed in the cases relating to the August 29, 2005 order. Plaintiffs' response fails entirely to address this question.

The court is unable to discern differences between the complaint filed in this case and the complaint filed in those cases already dismissed. In fact, plaintiffs' response to defendant's motion is in most places word-for-word identical to the

ORDER
Page - 2 -

responses of plaintiffs to which the August 29, 2005 order pertained.[1] They make no argument in their response that there is a material distinction between those claims already dismissed and their own.

For the foregoing reasons and for reasons already set forth in the court's August 29, 2005 order, the court hereby GRANTS in part defendant's motion for judgment on the pleadings. Counts III(A), IV(A), and V(A) are dismissed.[2] Allegations in count I(A) relating to strict liability for insufficient testing and instructions and misleading advertising are stricken.

DATED at Seattle, Washington this 27th day of February, 2006.

BARBARA JACOBS ROTHSTEIN
UNITED STATES DISTRICT JUDGE

---

[1] They do make one new argument; that the motion should be evaluated according to the standard for summary judgment rather than for a motion to dismiss. The correct standard for a 12(c) motion, however, is essentially the same as for one brought under 12(b). *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 155 (9th Cir. 1989). It is unclear to the court what advantage plaintiffs would gain by application of the summary judgment standard.

[2] Plaintiffs embed in their response a "motion" to amend their complaint, presumably to correct the defects in counts III, IV and V. In its August 29, 2005 order, the court granted plaintiffs' requests that they be allowed to amend their pleadings. The procedural posture of those cases differs materially from that presented here. Those plaintiffs, moreover, did not ultimately amend their complaints to include the claims herein dismissed. The court takes this as evidence that such amendments would be futile.

ORDER
Page - 3 -